1   Kevin G. McBride (State Bar No. 195866)
    kgmcbride@jonesday.com
2   Steven J. Corr (State Bar No. 216243)
    sjcorr@jonesday.com
3   JONES DAY
    555 South Flower Street, Fiftieth Floor
4   Los Angeles, CA 90071-2300
    Telephone:   (213) 489-3939
5   Facsimile:   (213) 243-2539

6   Timothy J. Heverin (*admitted pro hac vice*)
    tjheverin@jonesday.com
7   JONES DAY
    77 West Wacker
8   Chicago, IL 60601
    Telephone:   (312) 782-3939
9   Facsimile:   (312) 782-8585

10  Attorneys for Plaintiff VIZIO, Inc.

11  David H. Ben-Meir (State Bar No. 192028)
    dhben-meir@hhlaw.com
12  HOGAN & HARTSON
    1999 Avenue of the Stars, Suite 1400
13  Los Angeles, CA 90067
    Telephone: (310) 785-4600
14  Facsimile: (310) 785-4601

15  Attorney for Defendants
    Funai Electric Company, Ltd., et al.

16

17                    **UNITED STATES DISTRICT COURT**

18                    **CENTRAL DISTRICT OF CALIFORNIA**

19

20  VIZIO, INC.,                          Case No. CV 09-5813 SVW (FMOx)

            Plaintiff,                     **PROTECTIVE ORDER**
21
                                           **[DISCOVERY MATTER]**
22      v.
                                           **Judge:  Hon. Fernando M. Olguin**
23  FUNAI ELECTRIC COMPANY,                **Trial Date:  November 16, 2010**
    LTD., ET AL.,
24
            Defendant.
25

26

27

28

## PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial in the above-captioned case and in the case, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

**I.     Definitions**

1.     "Party": any party to this action or a subsidiary thereof, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.     "Material": all information, documents, testimony, and things produced, served or otherwise provided in this action by the Parties or by non-parties.

3.     "Designating Party": a Party or non-party that designates information, documents, or things for production in disclosures, or in responses to discovery as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY", "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

4.     "CONFIDENTIAL" Material: information, documents, and things the Designating Party has good cause to believe is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) has good cause to believe is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.

5.    "OUTSIDE ATTORNEYS' EYES ONLY" Material:  information, documents, and things the Designating Party has good cause to believe is not generally known to others, and has significant competitive value such that unrestricted disclosure to others, including the Receiving Party's In-House Attorneys, would create a substantial risk of serious injury, and which the Designating Party (i) has good cause to not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) has good cause to believe is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

6.    "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE": RTL, HDL, microcode, or other sensitive code or schematics (collectively, "SOURCE CODE") that the Designating Party has good cause to believe is not generally known to others, and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) has good cause to not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) has good cause to believe is significantly sensitive and protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.

7.    "Producing Party": a Party or non-party that produces Material in this action.

8.    "Receiving Party": a Party that receives Material from a Producing Party.

9.    "Designated Material": Material that is designated "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY", or

"OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" under
this Order.

10.  "Counsel of Record": (i) outside counsel who appears on the pleadings
as counsel for a Party, (ii) partners, principals, associates, and
employees of such outside counsel to whom it is reasonably necessary
to disclose the information for this litigation, including supporting
personnel employed by the attorneys, such as paralegals, legal
translators, legal secretaries, legal clerks and shorthand reporters,
and/or (iii) independent legal translators retained to translate in
connection with this action, or independent shorthand reporters
retained to record and transcribe testimony in connection with this
action.

11.  "In-House Attorneys": (i) in-house legal counsel of a Party, (ii) in-
house foreign patent attorneys and/or (iii) other personnel of the legal
or intellectual property department of a Party.

12.  "Outside Consultant": a person with specialized knowledge or
experience in a matter pertinent to the litigation who has been retained
by Counsel of Record to serve as an expert witness in this action, or as
a consultant in this action, and who is not a current employee of a
Party or of a competitor of a Party and who, at the time of retention, is
not anticipated to become an employee of a Party or of a competitor of
a Party.

13.  "Professional Vendors": persons or entities that provide litigation
support services (e.g., photocopying; videotaping; translating;
designing and preparing exhibits, graphics, or demonstrations;
organizing, storing, retrieving data in any form or medium; etc.) and
their employees and subcontractors who have been retained by
Counsel of Record in this action, and who are not current employees of

a Party or of a competitor of a Party and who, at the time of retention, are not anticipated to become employees of a Party or of a competitor of a Party. This definition includes professional jury or trial consultants retained in connection with this litigation, and mock jurors retained by such a consultants to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

## II. Good Cause Statement

14. A Producing Party shall not designate Material as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY", or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE", unless good cause exists. Good cause shall exist when public knowledge of a trade secret or other confidential research, development, or commercial information would result in specific prejudice or harm to the Producing Party, such as the public disclosure of proprietary information, failure to maintain status as a trade secret, detriment to intellectual property, or other harm to the Producing Party's competitive standing in the marketplace.

15. Items for which good cause shall exist include, but are not limited to, i) proprietary technical documents such as blueprints, schematics, SOURCE CODE or other technical materials; ii) customer lists and other customer data which have economic value to the producing party and are not public; iii) industry data or analysis which has economic value to the producing party and is not public; iv) contracts, licenses, agreements and documents or information related to such that are normally kept confidential during the ordinary course of business; v) financial and sales information and related documents, such as cost, pricing, margin, and other financial data; vi) corporate planning,

strategy and/or budget information or documents; vii) non-public or draft patent applications; viii) invention disclosures; ix) internal communications; and x) information or documents originating with a third party and which the Producing Party bears an obligation, either explicit or implicit, to not disclose publicly.  Good cause shall also exist for Materials, including Materials generated during the pendency of this litigation (or prior to this litigation but related to it), which are based on and/or contain information derived from such information.

16.   Good cause shall not exist for any document or information which is generally known to or accessible by members of the public.  For example, good cause shall not exist for a) any information that at the time of disclosure to a Receiving Party is in the public domain, b) any information that after disclosure to the Receiving Party becomes part of the public domain as a result of publication not involving a violation of this Protective Order; c) any information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation or confidentiality to the Producing Party, and/or d) any information that a Receiving Party can show was independently developed by it after the time of disclosure by personnel who have not had access to the Producing Party's Materials.  Such information may include, but is not limited to, any publicly available patent application materials or related filings; publicly filed financial disclosures; information available on the Internet without use of a password or other security protection; information previously included in press releases or other marketing activities; information and documents normally distributed to the public, or publicly filed court documents.  Good cause shall not exist for other items not listed here that share the same general

characteristics as the items listed in this paragraph.  Nor shall good cause exist for any information or document the public disclosure of which would not result in specific prejudice or harm to the Producing Party.

**III.   Scope**

17.   The protections conferred by this Order are limited to those within the scope of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("Local Rules").  Unless otherwise ordered by the Court, the dispute resolution procedures described below shall be carried out pursuant to Local Rule 37.

18.   The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, or the Court's deadlines provided in the Scheduling Order or any other Order.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, and the Court's deadlines provided in the Scheduling Order.

**IV.   Access to Designated Material**

19.   **CONFIDENTIAL Material:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" only to the following, in addition to those

identified in Paragraphs 34 and 35 below regarding use of Designated Material at depositions:

(a)     Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(b)     Counsel of Record;

(c)     Up to four (4) employees of a Receiving Party and necessary secretarial staff who are responsible for providing oversight of or assistance in the litigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(d)     Up to two (2) In-House Attorneys of the Receiving Party, and necessary secretarial staff, having responsibility for providing oversight of or assistance in the litigation, provided that each such attorney must keep all such documents and information in segregated files access to which is restricted to the designated attorney and necessary secretarial staff, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(e)     With respect to Designated Material from third parties, absent a protective order or agreement of the third party, Designated Material from third parties may not be disclosed to employees of a Receiving Party, including In-House Attorneys;

(f)     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

1      (g)    The Court and its personnel, jurors and others employed by the

2             Court;

3      (h)    Any designated arbitrator or mediator who is assigned to hear

4             this matter, or who has been selected by the Parties, and his or

5             her staff, who have signed the "Acknowledgement and

6             Agreement To Be Bound By Protective Order" attached hereto

7             as Exhibit A, and the "Certification Of Consultant" attached

8             hereto as Exhibit B;

9      (i)    Court reporters, employees of court reporters, and videographers

10            employed in connection with this case; and

11     (j)    Professional Vendors to whom disclosure is reasonably

12            necessary for this litigation, and a representative of which has

13            signed the "Acknowledgement and Agreement To Be Bound By

14            Protective Order" attached hereto as Exhibit A.

15   20.   **"OUTSIDE ATTORNEYS' EYES ONLY" and "OUTSIDE**

16         **ATTORNEYS' EYES ONLY – SOURCE CODE" Material:**

17   Unless otherwise ordered by the Court or permitted in writing by the

18   Designating Party, a Receiving Party may disclose any information,

19   documents or things designated "OUTSIDE ATTORNEYS' EYES

20   ONLY" and **"OUTSIDE ATTORNEYS' EYES ONLY – SOURCE**

21   **CODE"** only to the following, in addition to those identified in

22   Paragraphs 34 and 35 below regarding use of Designated Material at

23   depositions:

24     (a)    Persons who appear on the face of Designated Material as an

25            author, addressee or recipient thereof;

26     (b)    Counsel of Record;

27     (c)    With respect to Designated Material from third parties, absent a

28            protective order or agreement of the third party, Designated

Material from third parties may not be disclosed to employees of a Receiving Party, including In-House Attorneys.

    (d)    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

    (e)    The Court and its personnel, jurors and others employed by the Court;

    (f)    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staffs, who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

    (g)    Court reporters, employees of court reporters, and videographers employed in connection with this case; and

    (h)    Professional Vendors to whom disclosure is reasonably necessary for this litigation, and a representative of which has signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

21.    Each person to whom Designated Material may be disclosed, and who is required to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant" attached hereto as Exhibit B, shall do so, prior to the time such Designated Material is disclosed to him or her. Counsel for a Party who makes any disclosure of Designated Material shall retain each original executed certificate

1     and, upon written request, shall provide copies to counsel to all other

2     Parties at the termination of this action.

3   22.   At the request of the Designating Party, persons not permitted access

4         to Designated Material under the terms of this Protective Order shall

5         not be present at depositions while the Designating Party's Designated

6         Material is discussed or otherwise disclosed.  Any Party intending to

7         disclose or discuss Designated Material at pretrial or trial proceedings

8         must give advance notice to assure the implementation of the terms of

9         this Protective Order.

10  **V.   Access By Outside Consultants**

11  23.   **Notice.**  If a Receiving Party wishes to disclose another Party's

12        Designated Material to any Outside Consultant, such Receiving Party

13        must provide notice to counsel for the Designating Party, which notice

14        shall include: (a) the individual's name and business title; (b) business

15        address; (c) business or profession; (d) the individual's CV; (e) any

16        previous or current relationship (personal or professional) with any of

17        the parties; (f) a list of other cases in which the individual has testified

18        (at trial or deposition) within the last four years; (g) a list of all

19        companies with which the individual has consulted or by which the

20        individual has been employed within the last four years; and (h) a

21        signed copy of the "Acknowledgement and Agreement To Be Bound

22        By Protective Order" attached as Exhibit A, and the "Certification Of

23        Consultant" attached hereto as Exhibit B.  No Party will seek

24        discovery from a non-testifying Outside Consultant disclosed under

25        this Order simply because they have been disclosed under this Order

26        without an Order of this Court based on a finding of good cause.

27  24.   **Objections.**  The Designating Party shall have five (5) business days

28        from receipt of the notice specified in Paragraph 23 to object in writing

- 11 -

to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail transmission or facsimile transmission). Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 5-day (plus 3-days, if appropriate) period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within the 5-day (plus 3-days, if appropriate) period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute pursuant to Local Rule 37 or Court Order. In the event the Designating Party makes a timely objection, the parties shall promptly meet and confer pursuant to Local Rule 37 to try to resolve the matter by agreement. If the parties cannot reach an agreement, pursuant to Local Rule 37 the Objecting Party may, within three (3) business days following the meet and confer, file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant, or for other appropriate relief. If the objecting party fails to file a motion for protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A). If the Objecting party files pursuant to Local Rule 37 a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court, or by the consent of the Objecting party, whichever occurs first.

**VI.**   **Production of ATTORNEYS' EYES ONLY – SOURCE CODE Material**

25.   If a Party is required to produce SOURCE CODE, it must do so in electronically searchable form and under the terms of Section VI. The Producing Party shall produce SOURCE CODE preferably on a hard drive, or alternatively on a stand-alone laptop computer.  The stand-alone computer or hard drive shall contain appropriate software for accessing and reviewing the SOURCE CODE.  All data on any stand-alone computer or hard drive, including all SOURCE CODE, shall be protected by confidential passwords or codes and, at the option of the Producing Party, may be encrypted.  In addition to the SOURCE CODE, a stand-alone computer or hard drive shall contain the software used to develop the SOURCE CODE, if that software is possessed by the Producing Party and is not subject to restrictions regarding its use that would preclude the Producing Party from providing copies.  The Parties will work together to ensure any produced SOURCE CODE can be accessed by the Receiving Party in accordance with the terms of this Order.

26.   If the Receiving Party wants to use other software to access or review the SOURCE CODE, it must notify the Producing Party of the specific software to be used before installing such software on the stand-alone computer or hard drive, or using such software to access or review the SOURCE CODE.  By close of business on the next business day after receiving notice from Receiving Party, Producing Party will provide Receiving Party with the appropriate key or password to enable Receiving Party to install such software on the stand-alone computer or hard drive, or to use such software to access or review the SOURCE CODE.  Unless otherwise agreed to in writing by the Producing Party, and such agreement shall not be unreasonably withheld, the Receiving

Party is not permitted to use any other software to access or review the SOURCE CODE, or install or run any other software on any stand-alone computer or hard drive.  Any stand-alone computer or hard drive containing the SOURCE CODE shall be maintained by the Receiving Party's Counsel of Record under lock and key at its offices.  While the SOURCE CODE is maintained on the stand-alone computer or hard drive, it will be handled in accordance with the "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" designation.

27.  No electronic copies of the SOURCE CODE will be permitted.  The Receiving Party will not be allowed to print any wholesale or unnecessarily large portions of the SOURCE CODE from the stand-alone computer or hard drive.

28.  A Receiving Party may request a Producing Party to provide  up to two (2) additional electronic  copies of SOURCE CODE that may be kept at other offices of the Receiving Party's Counsel of Record under the same restrictions described above.  Any such electronic copies may be maintained only at the offices of the Receiving Party's Counsel of Record.  The Receiving Party shall maintain a log indicating, at all times, the location of each stand-alone computer or hard drive containing SOURCE CODE. The log will be provided to the Producing Party upon request.

29.  Access to a stand-alone computer or hard drive must be controlled by the use of confidential passwords or codes.  At the option of the Producing Party, data on any stand-alone computer or hard drive may be encrypted.  A hard drive containing the SOURCE CODE may be connected only to a stand-alone computer.  A stand-alone computer (as referenced in Section VI) shall not be connected to a network, the Internet or any peripheral device, except to a stand-alone printer or to a

hard drive provided by the Producing Party.  A stand-alone computer shall not have the ability to electronically transmit information therefrom, including, without limitation, via a Local Area Network or Internet connection, wireless connection, a modem, or any other port or device capable of electronic transmission.  All input/output ports on a stand-alone computer shall be disabled, except for a printer port and any port necessary to attach a hard drive provided by the Producing Party.  Access to a stand-alone computer must be further controlled by the use of confidential passwords or codes in order to log onto the stand-alone computer.

30. The Producing Party will produce the relevant SOURCE CODE in its entirety (i.e., all code necessary for compilation), but need not produce it in executable format absent a specific request from the Receiving Party, which a Receiving Party will only make when necessary. Should the SOURCE CODE be subject to third-party confidentiality restrictions, the Producing Party shall notify the Receiving party of such restrictions and shall notify the third party of the production obligation.  The Producing Party may delay production of the SOURCE CODE for a period of not more than ten (10) business days after the resolution of any objection to the Court by the third party as to the production of the SOURCE CODE.

31. If the Receiving Party prints a paper copy of any SOURCE CODE designated as "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE", such paper copy must always be kept under lock and key at the office of the Receiving Party's Outside Counsel of Record or other agreed upon location.  Paper copies of SOURCE CODE designated as "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall include Bates number and confidentiality labels when printed.  A log

1    shall be maintained of any selected portions printed out to paper.  The

2    log will be provided to the Producing Party upon request after the

3    conclusion of the lawsuit.  Nothing in Section VI shall operate as a

4    waiver by a Party of any right to contest the production of SOURCE

5    CODE based on its relevance (or lack thereof) to the issues in the Case

6    or other considerations.

7    **VII.   Prosecution Bar**

8       32.   Unless otherwise agreed to in writing by a Producing Party, any

9             individual subject to this Protective Order who obtains, receives or

10            otherwise learns, in whole or in part, technical Designated Material

11            from a Producing Party relating to a party's products or processes,

12            shall not prepare, prosecute or be involved in the preparation or

13            prosecution of any patent application related to the subject matter

14            claimed in any of the patents-in-suit during the pendency of this

15            litigation and for a period of two (2) years following the conclusion of

16            this litigation (including, if applicable, any appeals therefrom).

17   **VIII.  Use Of Designated Material**

18      33.   **Use Of Designated Material By Receiving Party.** Unless otherwise

19            ordered by the Court, or agreed to in writing by the Parties, all

20            Designated Material, and all information derived therefrom, shall be

21            used by the Receiving Party only for purposes of this litigation, and

22            shall not be used in any other way, or for any other purpose.

23            Information contained or reflected in Designated Materials shall not be

24            disclosed in conversations, presentations by parties or counsel, in court

25            or in other settings that might reveal Designated Material, except in

26            accordance with the terms of this Order.

27      34.   **Use Of Designated Material By Designating Party.** Nothing in this

28            Order shall limit any Designating Party's use of its own documents

- 16 -

and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

35.  **Use of Designated Material at Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may testify concerning all Designated Material of which such person has prior knowledge, without in any way limiting the generality of the following:

(a)  A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined, and may testify concerning all Designated Material which has been produced by that party;

(b)  A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment; and

(c)  Non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face, or from other documents or testimony, to have been received from, or communicated to, the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.

1        Any person other than the witness, his or her attorney(s), and

2    any person qualified to receive Designated Material under this

3    Order, shall be excluded from the portion of the examination

4    concerning such information, unless the Producing Party

5    consents to persons other than qualified recipients being present

6    at the examination. If the witness is represented by an attorney

7    who is not qualified under this Order to receive such

8    information, then prior to the examination, the attorney shall be

9    requested to sign the "Acknowledgement and Agreement To Be

10   Bound By Protective Order" attached as Exhibit A. In the event

11   that such attorney declines to sign the "Acknowledgement and

12   Agreement To Be Bound By Protective Order" prior to the

13   examination, the parties, by their attorneys, shall jointly seek a

14   protective order from the Court prohibiting such attorney from

15   disclosing such Designated Material.

16   36.   A witness who previously had access to a document designated

17   "CONFIDENTIAL," "OUTSIDE ATTORNEYS' EYES ONLY," or

18   "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," but

19   who is not under a present non-disclosure agreement with the

20   Producing Party that covers that document, may be shown the

21   document if the witness is advised on the record of the existence of the

22   Protective Order and that the protective order requires the parties to

23   keep confidential any questions, testimony or documents that are

24   designated as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES

25   ONLY", or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE

26   CODE". The witnesses may not copy, take notes on or retain copies of

27   any Designated Material used or reviewed at the deposition. The

28   witness may not take out of the deposition room any exhibit that is

1    marked "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES
2    ONLY", or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE
3    CODE".  The Producing Party of any Designated Material used at the
4    deposition may also require that the transcript and exhibits not be
5    copied by the witness or his counsel and that no notes may be made of
6    the transcript or the exhibits.  The restrictions in this paragraph apply
7    only to a witness who is not subject to this Order.

8    **IX.    Procedure for Designating Materials**

9    37.    Subject to the limitations set forth in this Order, a Designating Party
10    may: designate as "CONFIDENTIAL" information that the
11    Designating Party has good cause to believe meets the definition set
12    forth in Paragraph 4 above; designate as "OUTSIDE ATTORNEYS'
13    EYES ONLY" information that it has good cause to believe meets the
14    definition set forth in Paragraph 5 above; designate as "OUTSIDE
15    ATTORNEYS' EYES ONLY – SOURCE CODE" information that it
16    has good cause to believe meets the definition set forth in Paragraph 6
17    above.

18    38.    Except as provided above in Section VI with respect to "OUTSIDE
19    ATTORNEYS' EYES ONLY – SOURCE CODE" Material, any
20    material (including physical objects) made available for initial
21    inspection by counsel for the Receiving Party prior to producing
22    copies of selected items shall initially be considered, as a whole, to
23    constitute "OUTSIDE ATTORNEYS' EYES ONLY" information, and
24    shall be subject to this Order. Thereafter, the Producing Party shall
25    have ten (10) calendar days from the inspection to review and
26    designate the appropriate documents as "CONFIDENTIAL,"
27    "OUTSIDE ATTORNEYS' EYES ONLY" prior to furnishing copies
28    to the Receiving Party.

39.   Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section IX before the Material is disclosed or produced.

40.   Designation in conformity with this Order requires:

(a)   For information in documentary form (apart from transcripts of depositions, or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" on each page that contains Designated Material;

(b)   For testimony given in deposition, or in other pretrial or trial proceedings, the Designating Party shall specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  In the case of depositions, the Designating Party may also designate any portion of a deposition transcript as "CONFIDENTIAL," "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," by informing the reporter, and opposing Parties, in writing within thirty (30) calendar days of completion of the deposition of the designations to be applied. All deposition transcripts not marked at least "CONFIDENTIAL" during the deposition will nonetheless be treated as "CONFIDENTIAL" until the thirty (30) day period has expired. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend

1      "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES

2      ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY –

3      SOURCE CODE", as instructed by the Designating Party; and

4      (c)    For information produced in some form other than documentary,

5             and for any other tangible items, the Producing Party shall affix

6             in a prominent place on the exterior of the container or

7             containers in which the information or thing is stored the legend

8             "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES

9             ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY –

10            SOURCE CODE."

11  **X.    No Waiver of Privilege**

12      41.    Inspection or production of documents (including physical objects)

13             shall not constitute a waiver in any Federal or State proceeding of the

14             attorney-client privilege, work product immunity, or any other

15             applicable privilege or immunity.  After the Producing Party becomes

16             aware of any inadvertent or unintentional disclosure, the Producing

17             Party may designate any such documents as within the attorney-client

18             privilege, work product immunity or any other applicable privilege or

19             immunity, and request in writing return of such documents to the

20             Producing Party. The inadvertent or unintentional disclosure shall not

21             operate as a waiver in a Federal or State proceeding whether or not the

22             holder of the privilege or immunity took reasonable steps to prevent

23             the disclosure or promptly took reasonable steps to rectify the error in

24             accordance with Federal Rule of Evidence 502(b).  Upon request by

25             the Producing Party, the Receiving Party shall, within three (3)

26             business days retrieve and, at the Producing Party's sole option,

27             destroy or return all copies of such inadvertently produced

28             document(s), and shall expunge from any other document or material

1      information solely derived from such inadvertently produced

2      privileged information. Nothing herein shall prevent the Receiving

3      Party from challenging the propriety of the attorney-client privilege,

4      work product immunity or other applicable privilege or immunity

5      designation by submitting a written challenge to the Court.  However,

6      the Receiving Party may not assert as a ground for compelling

7      production the fact or circumstance that the inadvertently produced

8      privileged information has already been produced.

9   **XI.    Inadvertent Failure To Designate**

10         42.    An inadvertent failure to designate qualified information, documents

11              or things as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES

12              ONLY",  or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE

13              CODE," does not, standing alone, waive the Designating Party's right

14              to secure protection under this Order for such material. Upon

15              discovery of an inadvertent failure to designate, a Producing Party may

16              notify the Receiving Party in writing that the material is to be

17              designated as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES

18              ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE

19              CODE."  Upon receipt of such notice, the Receiving Party must make

20              reasonable efforts to assure that the material is treated in accordance

21              with the terms of this Order, including undertaking reasonable efforts

22              to obtain  all copies of the document which the Receiving Party

23              distributed or disclosed to persons not authorized to access such

24              information under the new designation, as well as any copies made by

25              such persons, subject to the right to challenge the propriety of such

26              designation(s).  The Producing Party shall provide substitute copies of

27              documents bearing the confidentiality designation.

28

**XII.  Filing Designated Material**

43.  Any document filed with the Court that reveals any Designated Material shall be done in accordance with Local Rule 79-5.1 In the event the court denies the request to file said Designated Material under seal, the parties shall continue to treat the Designated Material in all other respects as Designated Material governed under this Order. This provisions of this paragraph are limited to documents filed with the Court prior to this case proceeding to trial.

**XIII.  Challenges to Confidentiality Designations**

44.  The Parties will use reasonable care when designating documents, things, or information as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  Nothing in this Order shall prevent a Receiving Party from contending that any or all documents, things, or information designated as "CONFIDENTIAL" Material, "OUTSIDE ATTORNEYS' EYES ONLY" Material or OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE Material have been improperly designated.  A Receiving Party may, at any time, request that the Producing Party cancel or modify the confidentiality designation with respect to any document, thing, or information contained therein.

45.  A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall identify particularly the document, thing, or information that the Receiving Party contends should be differently designated.  If such

negotiation fails to resolve the dispute within five (5) days of receipt of the written notice, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37.  If the parties wish to file a Joint Stipulation, required by Local Rule 37, under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.  The document, thing, or information shall remain as designated until the Court has ruled upon the motion or the parties have agreed otherwise. Any order requiring disclosure shall be drawn as narrowly as possible to protect the interests of all parties concerned.

**XIV.  Protected Material Subpoenaed or Ordered Produced In Other Litigation**

46.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE", the Receiving Party must so notify the Designating Party, in writing (by fax and email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order, object to the material's production by setting forth the existence of this Protective Order, and reasonably cooperate with respect to any procedure sought to be pursued by the Party whose interest may be

affected.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material.  Nothing in these provisions should be construed as requiring the Receiving Party to move to quash or file objections with the court from which the subpoena or order issued, or as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from any  court.

## XV.   Unauthorized Disclosure Of Designated Material

47.   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XVI.  Non-Party Use of this Protective Order

48.   A non-party that produces Material voluntarily, or pursuant to a subpoena or a court order, may designate such Material in the same manner, and such Material shall receive the same level of protection under this Protective Order, as any Party to this lawsuit.

49.     A non-party's use of this Protective Order to protect its "CONFIDENTIAL" Material, "OUTSIDE ATTORNEYS' EYES ONLY" Material or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Material does not entitle that non-party access to "CONFIDENTIAL" Material, "OUTSIDE ATTORNEYS' EYES ONLY" Material or "ATTORNEYS' EYES ONLY – SOURCE CODE" Material produced by any Party in this case.

**XVII. Communications between Party and Counsel of Record**

50.     Except upon a showing of good cause by a Party, and upon an Order of this Court, privileged or protected communications or materials transmitted between a Party and its Counsel of Record need not be recorded on the Party's privilege log or produced in this Case if  (1) the communications occur after the filing of the complaint in this case, or (2) the communications do not relate to any claims or defenses in this case.

**XVIII.    Duration**

51.     With the exception described in Paragraph 52, even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

52.     This Protective Order shall not apply to the introduction of evidence at trial.  Designated Materials not introduced as evidence at trial shall maintain such protections and designations after commencement of any trial in this matter.  With respect to designated Materials introduced as evidence at trial, either party may seek appropriate court orders concerning the handling at trial of such materials.

**XIX.  Final Disposition**

53.    Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party. As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material. The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section XVII (Duration), above.

**XX.    Miscellaneous**

54.    The Parties agree that draft reports, draft declarations, draft affidavits, or notes taken or prepared by Outside Consultants in this Case will not be subject to discovery.  The Parties also agree that all communications (including e-mail communications) relating to and following the commencement of this lawsuit between the Parties' Outside Consultants and In-House Attorneys or Counsel of Record as well as documents relating to such communications, except for

documents, information, and things included in or attached to such communications that are relied upon by the testifying Outside Consultant in his or her expert report, will not be subject to discovery. Only the final expert report served on an opposing Party and the materials the Outside Consultant relied upon during preparation of the report are discoverable.  The Parties will identify and produce copies of any documents "considered by the witness in forming the opinion" as required by Fed. R. Civ. P. 26(a)(2)(B).  This provision does not waive any attorney-client privilege or work-product protection that may apply to communications with Outside Consultants or other related information that are the subject of discovery.

55.  Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the Party against whom such waiver will be effective.

56.  This Order is entered without prejudice to the right of any Party to apply to the Court at any time for modification of this Order, when convenience or necessity requires.  Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

57.  This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

1      58.   The United States District Court for the Central District of California

2             is responsible for the interpretation and enforcement of this Protective

3             Order.  All disputes concerning Designated Material under the

4             protection of this Protective Order shall be resolved by the United

5             States District Court for the Central District of California.  This Court

6             retains jurisdiction even after the termination of this action to enforce

7             this Protective Order and to amend this Protective Order as the Court

8             deems appropriate.

9

10     IT IS SO ORDERED.

11

12  Dated:  12/10/09                    _____/s/_____

13                         The Honorable Fernando M. Olguin
                              UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1.     I reside at _____;

2.     My present employer is _____;

3.     My present occupation or job description is _____;

4.     I agree to keep confidential all information provided to me in the
matter of Vizio, Inc. v. Funai Electric Co., Ltd., et al., Case No. CV 09-5813-SVW
(FMOx) in the United States District Court for the Central District of California,
and to be subject to the authority of that Court in the event of any violation or
dispute related to this agreement.

5.     I have been informed of and have reviewed the Protective Order
entered in this case, and I will not divulge any information, documents or things
that are subject to the Protective Order except in accordance with the provisions of
the Order;

6.     I state under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct.

Executed on _____

_____

[printed name]

_____

[signature]

EXHIBIT B

CERTIFICATION OF CONSULTANT

I, _____ [print or type full name], of _____ am not an employee of the Party who retained me, or of a competitor of the opposing Party.  If at any time after I execute this Certificate of Consultant and during the pendency of the Action I become an employee of a competitor of the opposing Party, I will promptly inform the counsel for the party who retained me in the Action, and I will not thereafter review any Designated Materials marked by the opposing Party as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" unless and until the Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____
[printed name]

_____
[signature]